IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS LAVERNE REMINGTON,

    Plaintiff,

v.

EQUIFAX CONSUMER SERVICES,

    Defendant.

No. 3:15-cv-02251-HZ

OPINION & ORDER

Nicholas L. Remington
13118920
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR 97882-9419

    Pro Se Plaintiff

HERNÁNDEZ, District Judge:

    On November 30, 2015, Plaintiff Nicholas L. Remington filed a complaint [1], and an application to proceed *in forma pauperis* ("IFP") [2]. Remington's application to proceed IFP is

1 - OPINION & ORDER

granted, but, as explained below, his complaint is dismissed for failure to state a claim. He can, however, file an amended complaint should he so desire. The Court provides some additional instructions at the end of this Opinion & Order.

## STANDARDS

In connection with IFP actions such as this, district courts are obligated to dismiss *sua sponte* actions that are frivolous or malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a *pro se* plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint must contain a short and plain statement of the claim and factual matters that, if accepted as true, are sufficient to state a facially plausible claim. FED. R. CIV. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citation omitted). A complaint states a plausible claim where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

## DISCUSSION

Remington captioned his complaint as a "Motion for Expungement Under Federal For[]bearance Act." Remington claims that the Federal Forbearance Act "permits convicted felons the limited one-time opportunity to vacate and remove old existing and outstanding debt

for minorities while incarcerated." Compl. at 1. (citing 15 U.S.C. § 1681 *et seq*.). Remington also seems to rely on 15 U.S.C. § 1681(4)(a) as a basis for his "expungement" claim.

The Court could not find any federal statute called the "Federal Forbearance Act." Additionally, while there is a lengthy statute located at 15 U.S.C. § 1681, there is no section located at 15 U.S.C. § 1681(4)(a). Each section of the statute at 15 U.S.C. § 1681 is further labeled with a lowercase letter. See, e.g., 15 U.S.C. § 1681a, 15 U.S.C. § 1681b, or 15 U.S.C. § 1681c, and so on. The Court reviewed various subsections of 15 U.S.C. § 1681, and could not find a section which provides felons the right to vacate an outstanding debt as Remington claims.

The federal statute located at 15 U.S.C. § 1681 is commonly referred to as the "Fair Credit Reporting Act" or "FCRA." Portions of Remington's complaint could be construed as attempting to bring a claim under FCRA. For example, Remington asserts that the statutory sections he has cited provide that "[i]f the debt is not verified and investigated, after a thirty day period, . . . any and all debt will then be considered disputed and removed from the credit reports." Compl. at 2. Remington then asks the Court to grant his motion and order "a rapid re-score, to update all listed debt named in this motion[,] to have all said debt named and listed removed from the credit reporting agencies within the next 30 days." Compl. at 3.

Congress enacted FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Baldin v. Wells Fargo Bank, N.A., No. 3:12-CV-00648-AC, 2013 WL 6388499, at *6 (D. Or. Dec. 6, 2013) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). FCRA requires consumer reporting agencies like Defendant Equifax to "adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . ." 15 U.S.C. § 1681(b); see also Bradshaw v. BAC Home Loans Servicing, LP, 816 F. Supp. 2d 1066, 1071 (D. Or. 2011) (citations omitted). To bring a claim that a

3 - OPINION & ORDER

consumer reporting agency ("CRA") has violated § 1681e(b), a consumer must present evidence tending to show that a CRA prepared a report containing inaccurate information. Bradshaw, 816 F. Supp. 2d at 1071 (citing Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995)).

FCRA also imposes some duties on entities which provide credit information to CRAs, called "furnishers." See Baldin, 2013 WL 6388499, at *6. These obligations are triggered upon notice of dispute—that is, when a person or entity who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. Id. If a furnisher receives notice of a dispute from a CRA, FCRA requires the furnishers to, among others, investigate the disputed item and remove the item from the report if the investigation reveals the item is inaccurate or incomplete. Id. (citing 15 U.S.C. § 1681s–2(b)(1)). A consumer can bring a claim against a furnisher for violating its duties under FCRA by showing: (1) the furnisher of information received notice of the dispute from a credit reporting agency; (2) it failed to perform a reasonable investigation upon receiving such notice; (3) the failure to investigate was willful or negligent; and (4) plaintiff was harmed. Id. at *7 (citing Saucedo v. Bank of Am., N.A., No. 3:11–cv–00813–MO, 2011 WL 6014008, at *3 (D. Or. Dec. 1, 2011)). "[A] plaintiff who identifies the credit reporting at issue, alleges it was false, includes allegations as to why it was false, alleges she tried to explain why it was false but her attempts were ignored, and alleges she was harmed in a particular way, satisfies the pleading requirements for such a claim." Id. (citing Saucedo, 2011 WL 6014008 at *4).

Remington's complaint does not contain any factual allegations that establish the elements of a FCRA claim against a CRA or a furnisher. He does not allege, for example, that his credit report is inaccurate or that he disputed any item on his report with Defendant Equifax

or any other credit reporting agency. Furthermore, although Remington asks the Court to order Equifax to "update all listed debt named in this motion," Remington's motion does not list any such debt. Without more specific factual allegations, Remington's complaint is dismissed for failure to state a claim.

Remington can submit a new, amended complaint and attempt to state a valid claim. Should he desire to do so, he should carefully direct the Court to what he believes is the Federal Forbearance Act with an accurate citation. If he intends to bring a claim under FCRA, he should include factual allegations that satisfy one of the FCRA claims the Court laid out above.

## CONCLUSION

For the reasons stated, Remington's application to proceed in forma pauperis [2] is granted and his IFP status is confirmed. His complaint [1] is dismissed sua sponte without prejudice for failure to state a cognizable claim. Remington may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this 21 day of December, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER